UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                                        :

**VICTOR HERNANDEZ**,

                                           Plaintiff,                  :    **ORDER ADOPTING REPORT AND RECOMMENDATION**

                     – against –                            :   24-CV-4251 (AMD) (ARL)

**PIZZA NETWORK INTERNATIONAL INC.,
SUNRISE HIGHWAY PIZZA CO INC., and
JOHN BERNTSEN, individually**,

                                     Defendants.       :
------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       On June 14, 2024, the plaintiff brought this action against his former employer to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act and New York Labor Law. (ECF No. 1.) The plaintiff also alleged that the defendants did not give him notices and accurate wage statements as required by New York Labor Law. (*Id.*) The plaintiff amended his complaint on July 23, 2024, adding an additional defendant and a claim for retaliation, asserting that the defendants retaliated against him when they brought an action against him in state court after he complained about their failure to pay him minimum and overtime wages. (ECF No. 9.) The defendants Sunrise Highway Pizza Co. Inc. ("Sunrise") and John Berntsen answered the amended complaint on August 16, 2024. (ECF No. 16.) The defendant Pizza Network International Inc. has not answered the complaint or otherwise appeared.

       On September 18, 2024, Magistrate Judge Arlene R. Lindsay issued an FLSA Initial Discovery and Mediation Order. (ECF No. 20.) On December 6, 2024, the parties requested referral for a formal mediation before an EDNY mediator. (ECF No. 21.) Judge Lindsay referred the case to mediation on December 16, 2024. (*ECF Order dated Dec. 16, 2024.*) On

February 3, 2025, the mediator emailed counsel for the parties to "confirm the following terms of settlement: 1) Defendants will pay $20,000 30 days after Cheeks approval, and $11,500 three months thereafter, for a total of $31,500, 2) Defendants will execute confessions of judgment for 1 and 1/2 times the amount of the settlement, less any sums paid prior to default: and 3) defendants will discontinue with prejudice the state count action filed against plaintiff, and plaintiff will withdraw with prejudice his NLRB complaint against defendants." (ECF No. 28-5 at 1.)  The same day, counsel for the plaintiff and the defendants confirmed the parties' agreement.  (*Id.*)  The mediator reported that the matter settled in principle on February 4, 2025.  (*ECF entry dated Feb. 4, 2025.*)  The next day, Judge Lindsay ordered the parties to submit settlement documents by March 4, 2025.  (*ECF Order dated Feb. 5, 2025.*)

On March 4, 2025, counsel for the defendants Berntsen and Sunrise advised the Court that the defendants are "not comfortable signing the settlement agreement" because they "feel[] that the mediation was overwhelming," "felt unduly pressured," and "immediately began to have regrets after the mediation."  (ECF No. 22.)  The defendants asked for an extension of time to consider the settlement (*id.*), and Judge Lindsay extended the deadline for the parties to submit settlement documentation to April 4, 2025 (*ECF Order dated Mar. 5, 2025*).  On April 7, 2025, the plaintiff's counsel informed the Court that "the parties are actively reengaging in settlement discussions to attempt to resolve these issues," and added that "[s]hould the parties be unable to reach a revised agreement within this time frame, we would respectfully request that the case be restored to the discovery calendar."  (ECF No. 23.)  On April 21, 2025, the plaintiff's counsel filed the following update:

> Plaintiff has been subjected to threats that appear designed to deter him from continuing to pursue his legal claims.  Specifically, Plaintiff has been threatened with immigration consequences, based on accusations related to this action . . . . The circumstances

2

> strongly suggest that Defendants may be leveraging Plaintiff's fear and undocumented status in a deliberate effort to cause this matter to dissipate without their execution of the agreed-upon settlement. This conduct is antithetical to the spirit of the mediation process and raises serious concerns regarding fairness and access to justice.

(ECF No. 24.) Judge Lindsay held a status conference on May 28, 2025 and directed the parties to file a status letter by June 18, 2025 "as to what [arrangements] have been made regarding payment of the settlement." (ECF No. 25.) On June 19, 2025, the plaintiff advised the Court that "although the parties reached a settlement in principle during mediation and Plaintiff has signed the settlement agreement, Defendants have yet to execute the agreement despite multiple follow-up efforts." (ECF No. 26.) The plaintiff also sought permission to file the signed agreement for the Court's "review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), so that Plaintiff may seek to enforce its terms if necessary." (*Id.*) On June 20, 2025, counsel for the defendants advised the Court that he "used [his] best efforts to convince [his] client that some type of payment offer is mandatory," but was not able to agree to a payment plan. (ECF No. 27.)

On June 24, 2025, the plaintiff filed a motion to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and included a motion to enforce the settlement. (ECF No. 28.) As part of the motion, the plaintiff provided emails between the parties and the mediator, dated February 3, 2025, where both parties confirmed acceptance of the terms of the settlement agreement without any reservation of rights. (ECF No. 28-5 at 1.) The defendants did not respond to the motion. On June 25, 2025, the Court referred the motion to Judge Lindsay (*ECF Order dated Jun. 25, 2025*), and on September 10, 2025, Judge Lindsay issued a Report and Recommendation recommending that the Court grant the motion. (ECF No. 29.) No party has filed an objection to the report and recommendation and the time for doing so has passed.

3

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014) (citation omitted). The Court has carefully reviewed Judge Lindsay's well-reasoned report and recommendation for clear error and finds none. Accordingly, the Court adopts the report and recommendation in its entirety. The motion for enforcement of settlement agreement is granted.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                 ANN M. DONNELLY
                                                 United States District Judge

Dated: Brooklyn, New York
       October 16, 2025